## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE SUBPOENA TO
JOHN MORGAN

Misc. Case No. 24-mc-00009

Issuing Court Case:

LAUREN MORRIS,

*Plaintiff,*

v.

CHAD SEHLKE,

*Defendant.*

United States District Court
Middle District of Florida

Case No. 2:22-cv-512-JLB-NPM

## NOTICE OF MOTION TO COMPEL
## DISCOVERY FROM THIRD-PARTY WITNESS JOHN MORGAN

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law

in Support and Declaration of D. Brandon Trice with exhibits, Plaintiff Lauren

Morris, by and through her counsel, moves this Court for an Order pursuant to Rule

45 of the Federal Rules of Civil Procedure compelling third-party John Morgan,

located in Wyoming, Michigan, to produce documents in response to a subpoena

served on October 2, 2023.

Dated: January 26, 2024                Respectfully submitted,

                                       /s/ Sarah Prescott
                                       Sarah Prescott
                                       Michigan Bar No. P70510
                                       SALVATORE PRESCOTT PORTER & PORTER
                                       105 East Main Street
                                       Northville, Michigan 48167
                                       (248) 679-9811
                                       prescott@spplaw.com

                                       Stephen F. Rosenthal
                                       Florida Bar No. 131458
                                       Christina H. Martinez
                                       Florida Bar No. 1029432
                                       PODHURST ORSECK, P.A.
                                       One Southeast 3rd Avenue, Suite 2300
                                       Miami, Florida 33131
                                       (305) 358-2800
                                       srosenthal@podhurst.com
                                       cmartinez@podhurst.com

                                       Roberta A. Kaplan (NY #2507093)
                                       Julie E. Fink (NY #4452553)
                                       Shawn G. Crowley (NY #5019195)
                                       D. Brandon Trice (NY #5140017)
                                       Katherine Epstein (NY # 5621412)
                                       KAPLAN HECKER & FINK LLP
                                       350 Fifth Avenue, 63rd Floor
                                       New York, New York 10118
                                       (212) 763-0883
                                       rkaplan@kaplanhecker.com
                                       jfink@kaplanhecker.com
                                       scrowley@kaplanhecker.com
                                       btrice@kaplanhecker.com
                                       kepstein@kaplanhecker.com

                                       *Attorneys for Plaintiff Lauren Morris*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 26, 2024, I served Plaintiff's Motion

to Compel (including Certificate of Compliance) with accompanying Memorandum

of Law and Declaration of D. Brandon Trice in Support via e-mail on the following:

John F. Lauro, Esq.
jlauro@laurosinger.com
Gregory M. Singer, Esq.
gsinger@laurosinger.com
Filzah I. Pavalon, Esq.
fpavalon@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990

Richard D. Kelley, Esq. (PHV)
(Lead Trial Counsel)
rkelley@beankinney.com
BEAN KINNEY & KORMAN
2311 Wilson Blvd., Suite 500
Arlington, VA 22201
(703) 284-7241

*Counsel for Defendant Chad Sehlke*

Gus M. Centrone, Esq.
gcentrone@kmf-law.com
KYNES, MARKMAN & FELDMAN
P.O. Box 3396
Tampa, FL 33601
(813) 775-2071

*Counsel for Nonparty John Morgan*

/s/ Tara Lank
Tara Lank

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE SUBPOENA TO JOHN
MORGAN                                        Misc. Case No. 24-mc-00009

Issuing Court Case:

LAUREN MORRIS,

                *Plaintiff,*          United States District Court
    v.                                     Middle District of Florida

CHAD SEHLKE,                                   Case No. 2:22-cv-512-JLB-NPM

                *Defendant*.

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM
# <u>THIRD-PARTY WITNESS JOHN MORGAN</u>

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................3

BACKGROUND .................................................................................5

    A. *Morris v. Sehlke* ....................................................................6

    B. Subpoena to John Morgan .......................................................8

ARGUMENT ....................................................................................10

CONCLUSION .................................................................................15

CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1(d) AND
7.3(b)(ii) .........................................................................................16

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff Lauren Morris moves for an order compelling nonparty John Morgan (the Defendant Chad Selke's uncle) to comply with the subpoena for documents served on him in connection with the case *Morris v. Sehlke*, No. 2:22-CV-512-JLB-NPM (M.D. Fla.) (Badalamenti, J.), by conducting a reasonable search and producing responsive documents in his possession, custody, or control.[1]

On October 2, 2023, Ms. Morris served Mr. Morgan with a subpoena seeking targeted categories of documents squarely relevant to and important for Ms. Morris's action against Mr. Sehlke for battery, assault, fraud, false imprisonment, and infliction of emotional distress.  Mr. Morgan through counsel claims to possess no responsive documents but has made no objections whatsoever to the subpoena's contents.

Mr. Morgan appears to nonetheless possesses relevant and important evidence.  After Mr. Sehlke assaulted Ms. Morris in Bonita Springs, Florida, and as detailed in Ms. Morris's Amended Complaint, Mr. Morgan mediated a conversation between Mr. Sehlke and Ms. Morris.  *See* Ex. A, Amended Compl. ("AC") at ¶¶ 33–35.  On top of that, Mr. Morgan has direct knowledge about Mr. Sehlke's drug and

---

[1] The case, in the Middle District of Florida, is designated as a related case to *Falcone v. Sehlke*, Case No. 2:22-CV-511-JLB-NPM (M.D. Fla.) (Badalamenti, J.).

alcohol habits and his relationship history.  He has discussed them with Ms. Morris herself.  *See* Ex. B.  And Mr. Sehlke has produced correspondence between him and Mr. Morgan that would be responsive to the subpoena requests.  Exs. C, D.  Together, this extensive evidence establishes Mr. Morgan's importance to this dispute and contradicts Mr. Morgan's blanket representation that he possesses no responsive documents.  It strains credulity to believe that Mr. Morgan texted and emailed Mr. Sehlke about relevant travel plans, discussed with Mr. Sehlke and Ms. Morris the assault in Florida, spoke with Ms. Morris about Mr. Sehlke's drug and alcohol abuse and relationship history, but nevertheless has not a single responsive document, text, or photo in his possession.

Ms. Morris needs to obtain relevant evidence from Mr. Morgan, who has firsthand knowledge of Mr. Sehlke's violent tendencies and the events in the Amended Complaint.  With depositions beginning and the close of discovery approaching, Ms. Morris has no choice but to request judicial intervention.  Ms. Morris therefore respectfully requests that Mr. Morgan be compelled to conduct a reasonable search and produce responsive documents.  At a minimum, Mr. Morgan should be compelled to explain the parameters of his search and whether he deleted

any documents so that Ms. Morris and the Court can assess the validity of his blanket

assertion that he possesses no responsive materials.[2]

## BACKGROUND

Ms. Morris sued Mr. Sehlke in the Middle District of Florida for battery,

assault, false imprisonment, and intentional infliction of emotional distress. *See* Ex.

A at ¶¶ 41–89; *Morris v. Sehlke*, No. 2:22-CV-00512-JLB-NPM (M.D. Fla. Jan. 19,

2023), ECF 41.[3]

---

[2] The Western District of Michigan is the appropriate venue for this motion because it is the district where Mr. Morgan's compliance with the subpoenas is required under Fed. R. Civ. P. 45.  Because the subpoena directed Mr. Morgan to produce any responsive documents via email only, it does not run afoul of the Rule's limitation that the production of documents must be commanded within 100 miles of a person's residence or place of business.  *See Casetech Specialties, Inc. v. Selective Ins. Co.*, No. 2:13-CV-11792, 2013 WL 6551050, at *2 (E.D. Mich. Dec. 13, 2013) (denying motion to quash subpoena where place of compliance was greater than 100 miles because subpoena allowed for forwarding of requested documents); *see also, In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2021 WL 6128233, at *2 (N.D. Fla. Dec. 28, 2021) ("[B]ecause [the party] does not need to appear in person . . . to produce the documents the subpoena does not violate the 100-mile limitation in Rule 45(c)(1)(A) of the Federal Rules of Civil Procedure."); *United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016) ("[C]ourts generally find that the rule does not apply where documents can be mailed and do not require personal appearance.").

[3] In the related case, *Falcone v. Sehlke*, No. 2:22-CV-00511 (M.D. Fla.), Plaintiff Michelle Falcone alleges that Mr. Sehlke committed battery, assault, false imprisonment, and intentional infliction of emotional distress, and brings a claim under the Trafficking Victims Protection Act, 18 U.S.C. § 1591.  Mr. Sehlke abused Falcone emotionally and sexually, including by repeatedly vaginally and anally raping her during a holiday weekend at Mr. Sehlke's lake house in Virginia.

A.    *Morris v. Sehlke*[4]

In late July 2021, Mr. Sehlke met Ms. Morris at a happy hour hosted by his company, Sehlke Consulting.  He approached her and asked her out, and they began dating soon after.  Over the course of their two-month relationship, Mr. Sehlke lied about having a sexually transmitted infection, infected Ms. Morris with genital herpes, and verbally and physically assaulted her more than once.

The first time they slept together, Ms. Morris asked Mr. Sehlke if he had any sexually transmitted infections.  He said no, and Ms. Morris believed him, agreeing to have sex with him without a condom because she was on birth control.  A week later, she was diagnosed with herpes.  After weeks of dishonesty, Mr. Sehlke admitted that he had lied to Ms. Morris and knew he had herpes when they had sex.

Shortly after they began dating, Mr. Sehlke and Ms. Morris traveled to Colorado for a wedding.  In their hotel room, Mr. Sehlke pressured Mr. Morris to have sex.  Ms. Morris was still recovering from a herpes outbreak from the infection Mr. Sehlke had given her, and she did not want to have sex.  Mr. Sehlke grew frustrated and turned aggressive.  He tried to put his arms around her on the bed, and she pushed him off.  Mr. Sehlke went ballistic, grabbing her neck and choking her so she could not breathe.  Mr. Sehlke threw things around the room and screamed at her to get out, and Ms. Morris retreated to the bathroom.  Eventually, Ms. Morris

---

[4] Ms. Morris's allegations are set forth in her Amended Complaint. *See* Ex. A.

escaped the bathroom, Mr. Sehlke, and the hotel room.  In all this, Mr. Sehlke blamed her for what had happened, telling her it was her fault for making him upset.

Ms. Morris, ashamed of what had happened and feeling like she could never be with anyone else now that she had herpes, decided to stay with Mr. Sehlke.  In September 2021, she joined him at his Florida home to celebrate the merger of Sehlke Consulting with Artlin Consulting.  Mr. Morgan, whom Ms. Morris had met previously, was present at the gathering.  After a day of drinking, Mr. Sehlke once again approached Ms. Morris aggressively while she was outside with his friends.  Mr. Sehlke berated Ms. Morris, calling her a bitch and telling her to burn in hell.  When Mr. Sehlke began to walk towards Ms. Morris aggressively, his friends intercepted him and pulled him into the house, but that did not stop Mr. Sehlke from throwing his drink at Ms. Morris and striking her in the back.

This violent behavior by Mr. Sehlke was likely no surprise for Mr. Morgan and Mr. Sehlke's friends.  Mr. Sehlke's friends and family have nicknamed Mr. Sehlke "Mad Chad" due to this explosive side of him. Ex. A at ¶ 22; Ex. E at 113:2–19.  Likely realizing that Mr. Sehlke's outbursts were common, Mr. Morgan discussed Mr. Sehlke's alcohol and drug use and his relationship history with Ms. Morris.  Ex. B, Morris Affidavit.  Mr. Morgan, along with a friend, then attempted to mediate a conversation between Mr. Sehlke and Ms. Morris to talk about the outburst in Florida.  Mr. Sehlke promised to change for the better.  But when the

7

couple later traveled to Michigan again, Mr. Sehlke slapped Ms. Morris across the face during sex, and, a few days later, their relationship ended.

**B.   Subpoena to John Morgan**

On October 2, 2023, Ms. Morris served Mr. Morgan with a subpoena for the production of documents.  *See* Exs. F, G.[5]  The subpoena requested, among other things:

- "All Documents and Communications from July 1, 2016 to the present between or on behalf of You and any other Person, including Mr. Sehlke, regarding any sexual assault, battery, coercion, harassment, emotional abuse, or any other arguably inappropriate behavior by Mr. Sehlke related to sex or gender, including any allegation, complaint, accusation, threat, cover-up, or claim of the same."  Ex. F at ¶ 6.

- "All Documents and Communications from July 1, 2016 to the present between or on behalf of You and any other Person, including Mr. Sehlke, regarding violent behavior, physical abuse, assault, battery, emotional abuse, discrimination, or similar inappropriate behavior by Mr. Sehlke, including any allegation, complaint, accusation, threat, cover-up, or claim of the same."  Ex. F at ¶ 7.

- "All Documents and Communications from July 1, 2016 to the present between or on behalf of You and any other Person, including Mr. Sehlke, regarding Mr. Sehlke's use or provision to others of drugs, including any allegation, complaint, accusation, threat, or claim of inappropriate behavior related to the same."  Ex. F at ¶ 8.

- "All Documents and Communications between or on behalf of You and any Person regarding your trip between on or around September 2, 2021

---

[5] On December 22, 2023, Plaintiff's counsel in an abundance of caution provided counsel for Mr. Morgan with a revised subpoena that corrected the caption, as the subpoena served on Mr. Morgan on October 2, 2023 had the caption for the related *Falcone* case, but was otherwise materially the same.  *See* Ex. I.

and on or around September 13, 2021 to Mr. Sehlke's property near Bonita Springs, Florida."  Ex. F at ¶ 13.

Mr. Morgan has ignored his obligations under the subpoena.  On October 6, 2023, Ms. Morris agreed to extend the return date of the subpoena to October 31 on the express condition that an initial production be provided by that date and that the parties promptly confer on any objections the next week.  Ex. H.  Mr. Morgan's counsel confirmed that there was "[n]o issue with providing the production by 10/31."  *Id.*

In a brief email on the evening of October 31, 2023, Mr. Morgan through counsel claimed that he did not have "any responsive documents."  Ex. I.  He said that he would "send formal responses ASAP."  *Id.*

Two days later, on November 2, Plaintiff's counsel promptly explained that response was deficient, and asked Mr. Morgan about his search parameters, including asking which devices Mr. Morgan searched and the search terms he employed.  *See* Ex. I.  Counsel also noted that Mr. Morgan's failure to timely object waived any objections.  *Id.* (citing *Moore v. City of St. Augustine, Fla.*, No. 3:12-CV-797-J-20MCR, 2013 WL 1156384, at *2 (M.D. Fla. Mar. 14, 2013)).  Receiving no response, Plaintiff's counsel again emailed Mr. Morgan's counsel on November 20, requesting a response by November 23, again on December 22, 2023, informing Mr. Morgan of this motion and requesting a response, and again on January 3, 2024. *Id.*  Mr. Morgan's counsel reasserted on January 5 that he possessed no responsive

documents, claiming that he "largely stayed out of Mr. Sehlke's personal and professional life and didn't know Ms. Morris well at all." *Id.* Counsel failed to respond to Ms. Morris's counsel's questions regarding search parameters. *Id.*

It is imperative that Ms. Morris obtain relevant evidence from Mr. Morgan, who has firsthand knowledge of Mr. Sehlke's violent tendencies and the events in the Amended Complaint. Discovery in the underlying actions is set to close in just three months. Production by both parties is nearing substantial completion, but Mr. Sehlke's production is woefully deficient. Mr. Sehlke has admitted that he deleted responsive documents that would otherwise be discoverable, including documents related to Ms. Morris, Ms. Falcone, and other women who have made similar allegations against him. *See* Exs. J, K  at Nos. 1–6.[6]

## ARGUMENT

"Discovery is the lifeblood of litigation and, as such, it must be initiated and responded to responsibly . . . ." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 202 (E.D. Mich. Mar. 23, 2018) (internal quotation marks and citation omitted). Federal Rule of Civil Procedure 45, which governs third-party subpoenas, allows a

---

[6] Ms. Morris also served Mr. Morgan a deposition subpoena on October 26, 2023. Ex. L.  Mr. Morgan through counsel agreed to accept service of the deposition subpoena once the parties agreed upon a mutually-convenient date.  Exs. H, I.  We understand that Mr. Morgan continues to not object to the deposition subpoena and intends to comply with that subpoena.

party to command a nonparty to, among other things, produce documents or attend a deposition. *See* Fed. R. Civ. P. 45(a)(1). "Subpoenas issued to a third party under Rule 45 are subject to the same discovery limitations as provided in Rule 26." *Wichtman v. Martorello*, No. 2:19-MC-1, 2019 WL 244688, at *2 (W.D. Mich. Jan. 17, 2019). Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The "relevance" standard for discovery poses a "relatively low burden," *In re Subpoena of Ctr. for Mil. Readiness*, No. MC 18-51013, 2019 WL 4733602, at *3 (E.D. Mich. Sept. 28, 2019), and the "scope of discovery" under these rules is "traditionally quite broad." *Pepin v. Wis. Cent. Ltd.*, No. 19 Civ. 42, 2020 WL 12432395, at *2 (W.D. Mich. Dec. 22, 2020) (citation omitted).

A party may file a "motion to compel discovery if [she] has sound basis under the law for believing that such a motion is necessary to induce [a nonparty] to disclose information to which [she] is entitled under the Federal Rules of Civil Procedure." *Aslani v. Sparrow Health Sys.*, No. 08 Civ. 298, 2010 WL 623673, at *5 (W.D. Mich. Feb. 18, 2010); *see also State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-CV-11500, 2013 WL 10936871, at *3 (E.D. Mich. Nov. 26, 2013) ("Where a party has propounded discovery but has not received adequate responses, that party 'may move for an order compelling disclosure or discovery.'"

11

(citation omitted)). Thus, "[i]f the documents sought by the subpoena are 'relevant and are sought for good cause,' then the subpoena should be enforced." *Id.* (citation omitted).

As an initial matter, Mr. Morgan has not objected to these requests on relevance or any other grounds, and the "failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections." *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, at *4 (E.D. Mich. Dec. 10, 2008).  Regardless, the documents sought are "relevant and are sought for good cause," and Mr. Morgan's responses are wholly inadequate. *See State Farm Mut. Auto. Ins. Co.*, 2013 WL 10936871, at *3.

The subpoena to Mr. Morgan is directly relevant to Ms. Morris's claims.  Mr. Morgan is Mr. Sehlke's uncle and the two have a close relationship.  He is a key witness to the aftermath of Mr. Sehlke's assault of Ms. Morris in Bonita Springs, Florida, having mediated a conversation between Ms. Morris and Mr. Sehlke.  *See* Ex. A at ¶¶ 33–35.  From this incident and others, Mr. Morgan is well aware of Mr. Sehlke's violent and angry behavior—not only against Ms. Morris, but other women as well.  Mr. Morgan has discussed his concerns about Mr. Sehlke's alcohol and drug abuse and his relationship history with Ms. Morris.  *See* Ex. B.  This more than meets the "relatively low burden" of the "relevance" standard and makes it highly likely that Mr. Morgan possess responsive documents.  *In re Subpoena of Ctr. for*

*Mil. Readiness*, 2019 WL 4733602, at *3; *cf. Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009) (noting the "ordinary presumption of broad discovery").

Moreover, Mr. Morgan has clearly not complied with his discovery obligations.  Mr. Morgan, through counsel, claimed to possess no responsive documents.  But courts in this Circuit may order the production of documents when such an "incredul[ous]" representation is made.  *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, No. 13-13804, 2015 WL 13037304, at *1–2 (E.D. Mich. Apr. 15, 2015).  Here, Mr. Sehlke has produced correspondence with Mr. Morgan that would be responsive to the subpoena.  Mr. Morgan is part of a June 17, 2021 SMS thread with other third parties produced by Mr. Sehlke.  Ex. C.  Mr. Sehlke has also produced emails and corresponding attachments that include Mr. Morgan's email account and confirm Mr. Morgan's flights to Fort Myers, where Mr. Sehlke assaulted Ms. Morris.  Ex. D.  This would clearly be responsive to Requests Nos. 13-14, which seek all documents regarding Mr. Morgan's Florida trip and relating to the allegations in the Amended Complaint.  Ex. F.  Mr. Morgan has never explained why he failed to produce these documents.

Even had Mr. Morgan objected to the document subpoena on the premise that Ms. Morris was in possession of relevant communications from Mr. Sehlke—which he did not—an individual in receipt of a valid subpoena for documents may not

decline to comply simply on the basis that responsive documents may be produced by someone else.   Rule 45 requires that the recipient of a subpoena provide responsive documents in his "possession, custody, or control," and does not limit that requirement to only those documents not produced by others.

Finally, Mr. Morgan has not engaged in good faith with counsel's attempts to follow up on the subpoena.  Specifically, he has not answered basic questions on the steps he purportedly took to locate responsive documents, forcing Ms. Morris to seek court intervention.  *See Bennett v. Galer*, No. 8:23-CV-573-WFJ-AAS, 2023 WL 7109620, at *1–2 (M.D. Fla. Oct. 27, 2023); *see also Rehder v. KMM Corp.*, No. 1:22-CV-00419-HAB-SLC, 2023 WL 5836605, at *2 (N.D. Ind. July 31, 2023) (granting motion to compel where recipient of discovery requests ignored communications from counsel); *Southall v. AVI Food Sys., Inc.*, No. 1:21-CV-00039-HAB-SLC, 2022 WL 1015001, at *2 (N.D. Ind. Apr. 5, 2022) (same).

For all these reasons, Ms. Morris believes that Mr. Morgan is in possession of responsive documents and has baselessly refused to produce them.  To the extent that Mr. Morgan has falsely represented what responsive documents are in his possession or has misunderstood his obligations to produce documents within his control, he should be compelled to produce those documents.

14

## CONCLUSION

Accordingly, Ms. Morris respectfully requests an order compelling John Morgan to search for and produce any and all responsive documents.

## CERTIFICATE OF COMPLIANCE WITH
## <u>LOCAL RULES 7.1(d) AND 7.3(b)(ii)</u>

Pursuant to Local Civil Rule 7.1(d), counsel for Plaintiff certifies that counsel conferred with Mr. Morgan's counsel via email on January 3 and January 5, 2024.

Pursuant to Local Civil Rule 7.3(b)(ii), counsel for Plaintiff certifies that the foregoing motion to compel was prepared using Microsoft® Word for Microsoft 365 MSO (Version 2308 Build 16.0.16731.20310) 64-bit software. According to the word count tool of this word-processing software, this motion contains 3,104 words inclusive of all sections as set forth by Local Civil Rule 7.3(b)(i).

Dated: January 26, 2024

Respectfully submitted,

/s/ Sarah S. Prescott
Sarah Prescott
Michigan Bar No. P70510
SALVATORE PRESCOTT PORTER & PORTER
105 East Main Street
Northville, Michigan 48167
(248) 679-9811
prescott@spplaw.com

Stephen F. Rosenthal
Florida Bar No. 131458
Christina H. Martinez
Florida Bar No. 1029432
PODHURST ORSECK, P.A.
One Southeast 3rd Avenue, Suite 2300
Miami, Florida 33131
(305) 358-2800
srosenthal@podhurst.com

16

cmartinez@podhurst.com

Roberta A. Kaplan (NY #2507093)
Julie E. Fink (NY #4452553)
Shawn G. Crowley (NY #5019195)
D. Brandon Trice (NY #5140017)
Katherine Epstein (NY # 5621412)

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
scrowley@kaplanhecker.com
btrice@kaplanhecker.com
kepstein@kaplanhecker.com

*Attorneys for Plaintiff Lauren Morris*

17

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 26, 2024, I served Plaintiff's Motion

to Compel (including Certificate of Compliance) with accompanying Memorandum

of Law and Declaration of D. Brandon Trice via e-mail on the following:

John F. Lauro, Esq.
jlauro@laurosinger.com
Gregory M. Singer, Esq.
gsinger@laurosinger.com
Filzah I. Pavalon, Esq.
fpavalon@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990

Richard D. Kelley, Esq. (PHV)
(Lead Trial Counsel)
rkelley@beankinney.com
BEAN KINNEY & KORMAN
2311 Wilson Blvd., Suite 500
Arlington, VA 22201
(703) 284-7241

*Counsel for Defendant Chad Sehlke*

Gus M. Centrone, Esq.
gcentrone@kmf-law.com
KYNES, MARKMAN & FELDMAN
P.O. Box 3396
Tampa, FL 33601
(813) 775-2071

*Counsel for Nonparty John Morgan*

/s/ Tara Lank
Tara Lank

18